STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                            Docket No. RE-10-420


ANDREW MCMULLAN

and

JEAN MCMULLAN,

                    Plaintiff,

                                                        **ORDER ON MOTION**
            v.                                          **FOR SUMMARY JUDGMENT**

TANYA MCMULLAN,

                    Defendant,

and

STATE OF MAINE, MAINE REVENUE SERVICES

                    Party-In-Interest


      The plaintiff moves for summary judgment in an action for foreclosure brought

pursuant to 14 M.R.S.A. § 6321, *et seq.*[1] This motion is subject to Rule 56(j), which

imposes detailed requirements for granting summary judgment in foreclosure actions.

M.R. Civ. P. 56(j).[2] The court has an independent obligation to ensure compliance with

this rule. M.R. Civ. P 56(j) advisory committee's note to 2009 amend.[3] The court must

---

[1] The defendant filed an opposition in this case.

[2] M.R. Civ. P. 56(j) states:
> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[3] The Advisory Committee note states:
> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and

1

also determine if the mortgage holder has set forth in its statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Finance LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have not been met:

| | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| **Service:** Proof of service on all defendants and parties in interest. | ✗ | ☐ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | ✗ | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | ✗ | ☐ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | ✗ | ☐ |
| **Note:** Properly presented proof of ownership of the mortgage note, including all assignments and endorsements. | ✗ | ☐ |
| **Breach:** A breach of condition in the mortgage. | ✗ | ☐ |
| **Amount Due:** The amount due on the mortgage note, including any reasonable attorney fees and court costs. | ✗ | ☐ |
| **Priority:** The order of priority and amounts due to other parties in interest, including any public utility easements. | ✗ | ☐ |
| **Notice:** Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed | ☐ | ✗ |
| **M.R. Civ. P. 56:** All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ☐ | ✗ |
| **Mediation:** | | |
| If required by M.R. Civ. P. 93 (for cases filed after Dec. | ☐ | ✗ |

---

determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.
M.R. Civ. P 56(j) advisory committee's note.

|  | Compliant | Non-compliant or unclear |
|---|---|---|
| 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | | |
| For cases filed after Dec. 31, 2009, in accordance with M.R. Civ. P. 93(c)(4), proof that plaintiff served defendant(s) financial forms used to consider alternatives to foreclosure at the time of the complaint. | ☐ | ✗ |
| **SCRA:** If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗ | ☐ |

The court denies the Plaintiff's motion on the following grounds: Rule 93 states that financial forms must be served with the complaint. M.R. Civ. P. 93(c)(4). The plaintiff has provided no documentation demonstrating that the defendants were provided with financial forms indicating mediation opportunities along with the complaint. *See* M.R. Civ. P. 93, Advisory Note ("Subsections (c)(4) and (5) outline the duties of the plaintiff and defendant in coordinating the preparation and exchange of financial information needed for the parties to consider alternatives to foreclosure."). Rather, the plaintiff contends that such forms were not required. The court rejects plaintiff's argument. Rule 93 does not exempt individual lenders from its requirements. Moreover, the financial form requirement is for the purpose of facilitation alternatives to foreclosure and facilitating mediation of the matter. Without this information, mediation could not be scheduled.

Defendant requested mediation, but mediation was cancelled erroneously by the court and therefore did not occur. Mediation is required in this case. The court has not waived or exempted the parties from mediation or the financial form requirements. Accordingly, plaintiff shall comply with M.R.Civ.P. 93(c)(4) by June 30, 2011. Defendant shall thereafter complete the financial forms supplied by plaintiff and

3

comply with the requirements of Rule 93(c)(5) and file these forms with plaintiff and the court no later than July 21, 2011. Thereafter, the clerk shall schedule this matter for mediation.

The parties dispute whether the notice requirements set forth in 14 M.R.S. § 6111(1) were met. The court rejects defendant's arguments concerning notice. The notice in this case was sent on July 19, 2010. (Pl.'s Ex. 6.) The defendant contends that the notice did not include "[a]n itemization of all past due amounts causing the loan to be in default" and "[t]he address, telephone number and other contact information for persons having authority to modify a mortgage loan with the mortgagor to avoid foreclosure, including, but not limited to, the mortgagee, the mortgage servicer and an agent of the mortgagee." 14 M.R.S. § 6111(1-A)(B) & (E). Here, the terms of the loan did not require the defendant to make payments on the note. (*See* Pl.'s Ex. 1.) Plaintiff provided in the notice an itemization of the taxes due (the cause for the default notice). The notice stated that the defendant could contact the plaintiffs' attorney "to discuss [her] options." (Pl.'s Ex. 6 p. 2.) The attorney acts as the agent of the plaintiff. Therefore, the court finds that the notice complied with 14 M.R.S. § 6111(1-A)(E).

For the reasons set forth herein, the plaintiff's motion for summary judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: June 8, 2011        _____
                             Joyce A. Wheeler
                             Justice, Superior Court

_P. 1_

PAMELA WAITE ESQ
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04330


CHRISTOPHER NEAGLE ESQ     _P_
TROUBH HEISLER
PO BOX 9711
PORTLAND ME 04104-5011

;LERK OF COURTS
 Cumberland County
ıwbury Street, Ground Floor
 Portland, ME 04101

PETER EVANS ESQ
PO BOX 4801
PORTLAND ME 04112